

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**FILED**

NOV 2 2010

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| ALLEN, ALLEN & ASSOCIATES, L.L.C., and ALLEN, ALLEN & ASSOCIATES MANUFACTURING, L.L.C. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | Case No. **10 CV-707 GKF TLW** |
| SERVA CORPORATION, | ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Allen, Allen & Associates LLC ("Allen Associates") and Allen, Allen & Associates Manufacturing, L.L.C. ("Allen Manufacturing"), by and through their attorneys, file this Complaint for Declaratory Judgment against the Defendant, Serva Corporation ("Serva"). In support of its Complaint, Plaintiffs allege and state as follows:

## PARTIES & JURISDICTION

1. Allen Associates is a limited liability company organized under the laws of the State of Oklahoma, having its principal place of business in Tulsa, Oklahoma.

2. Allen Manufacturing is a limited liability company organized under the laws of the State of Oklahoma, having its principal place of business in Tulsa, Oklahoma.

3. Upon information and belief, Serva is a company organized under the laws of the State of Texas, having established a place of business at 14301 Caliber Drive, Suite 300, Oklahoma City, Oklahoma.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as this action arises under the Constitution, laws, or treaties of the United States, raising the federal question of the infringement of a patent.



5. These claims arise under the Declaratory Judgment Act, 28 U.S.C. § § 2201 and 2201, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

6. This Court is the proper venue for this declaratory judgment action because a substantial part of the events giving rise to the claim occurred in Tulsa, Oklahoma.

## FACTUAL BACKGROUND

7. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 6 of this Complaint.

8. Allen Associates is an engineering company in the oil and gas industry, with a focus in engineering and training. Allen Manufacturing is a manufacturing company which manufactures and sells powder mixing equipment.

9. In or around June 2004, Allen Associates and Tom Allen obtained U.S. Patent No. 6,749,330 (the "'330 patent") for cement mixing equipment used in cementing oil wells.

10. In or around November, 2005, Allen Associates and Tom Allen obtained Canadian Patent No. 2,382,709.

11. In or around November 2007, Allen Associates and Tom Allen sold U.S. Patent No. 6,749,330 and Canadian Patent No. 2,382,709 to Serva.

12. Subsequently, Tom Allen, the president of Allen Associates, developed new powder mixing technology (the "Allen Mixer"). Formerly Allen Associates manufactured and sold the Allen Mixer. Currently, Allen Manufacturing manufactures and sells the Allen Mixer. To date, Allen Associates or Allen Manufacturing have sold approximately eighteen Allen Mixers.

13. On or about October 1, 2010, Mr. Allen received a letter from Serva's attorney asserting, *inter alia*, that the Allen Mixer is covered by U.S. Patent No. 6,749,330 and Canadian

Patent No. 2,382,708 and that the manufacture and sale of the Allen Mixer constitutes patent infringement ("Serva Letter") (a copy attached hereto as Exhibit "A"). Additionally, the Serva Letter asserts that Serva will initiate legal action against Allen Associates if it does not immediately provide an accounting of all sales of the Allen Mixer, cease manufacturing and selling of all Allen Mixers and provide an accounting of existing and ordered inventor of Allen Mixers.

14. After a review of Serva's allegations and demands, Allen Associates and Allen Manufacturing denied Serva's allegations and refused Serva's demands.

**FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT**

15. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 13 of this Complaint.

16. Plaintiffs bring this claim for declaratory judgment under 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 57. A dispute has arisen between Plaintiffs and Serva over whether Plaintiffs infringes patents owned by Serva. Such dispute constitutes a justiciable controversy between the parties.

17. The Allen Mixer does not infringe on U.S. Patent No. 6,749,330.

18. For the reasons stated above, Plaintiff requests the Court to enter judgment declaring that the sale, offer to sell, manufacture, and use of the Allen Mixer does not infringe the '330 patent.

19. Serva has demonstrated its intent to sue Plaintiffs for infringement of the '330 patent.

20. To avoid legal uncertainty and to protect their substantial investment in their respective technologies and businesses, Plaintiffs have brought these claims for declaratory

3

judgment against the '330 patent. An actual justiciable controversy exists between the parties as to the infringement of the '30 patent.

Wherefore, Allen Associates and Allen Manufacturing respectfully request that this Court enter a Judgment and Order in its favor against Serva declaring that no valid and enforceable claim of U.S. Patent No. 6,749,330 has been infringed, and for such additional relief as the Court may deem just, proper and equitable

                Respectfully submitted,

                _____
                Gerald L. Jackson, OBA #17185
                Margaret S. Millikin, OBA #13836
                CROWE & DUNLEVY
                A Professional Corporation
                500 Kennedy Building
                321 South Boston Avenue
                Tulsa, OK 74103-3313
                (918) 592-9800
                (918) 592-9801 (Facsimile)
                gerald.jackson@crowedunlevy.com
                margaret.millikin@crowedunlevy.com



# McAfee&Taft
A PROFESSIONAL CORPORATION

MATTHEW S. GIBSON, PH.D.
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2348
Fax (405) 228-7348
matt.gibson@mcafeetaft.com

10TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

October 1, 2010

VIA FACSIMILE - 918-512-4940

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Tom Allen
Allen, Allen & Associates, LLC
9722 S. Oswego Ave.
Tulsa, OK 74137

Re:   Patent Infringement

Dear Mr. Allen:

We represent Serva Corporation ("Serva") in legal matters including enforcement of patent rights. Serva is the owner of U.S. and Canadian patents directed to cement mixing systems ("Serva Patents"). The Serva Patents include U.S. Patent No. 6,749,330 and Canadian Patent No. 2,382,708. As you are certainly aware, Serva acquired these patents and various other intellectual property rights from you pursuant to the Intellectual Property Purchase Agreement and Consulting Services Agreement, both effective November 2, 2007.

It has recently come to Serva's attention that your company is manufacturing the "AAA Ultimate slurry mixer" ("AAA Mixer") in the U.S. and marketing and selling the AAA Mixer in both the U.S. and Canada. The AAA Mixer is covered by the Serva Patents. As such, your continued manufacturing, marketing and selling of the AAA Mixer constitutes patent infringement.

Serva has expended a tremendous amount of time, effort and money acquiring these patents from you, developing its products and protecting its intellectual property rights. Serva has every intention of enforcing and defending its patents to the maximum extent provided by U.S. and foreign law.

On behalf of Serva, we ask that you immediately take the following steps:

1.   provide an accounting of all sales, revenue and income derived from your sale of the AAA Mixer and all other infringing devices;

6112183_1.DOC

OKLAHOMA CITY   TULSA

**EXHIBIT A**

- 2 -

2. immediately cease all manufacture and sale of the AAA Mixer and all other infringing devices in the U.S. and Canada; and

3. provide an accounting of all existing and ordered inventory of the AAA Mixer and all other infringing devices.

Remedies for patent infringement include injunctive relief, profits and damages, attorneys' fees, costs and interest. As an inventor and former owner of the Serva Patents, you have knowledge of the Serva Patents and the scope of the claims therein. This knowledge demonstrates that your infringement is willful. As such, Serva is entitled to treble damages and attorneys' fees.

Please contact me, or have your legal counsel contact me, within ten (10) days to discuss your intentions. If you ignore this request, we will have no choice other than legal action in order to protect Serva's valuable intellectual property rights.

Sincerely,

Matthew S. Gibson

MSG:tap

10/01/2010 15:56 FAX  405 235 0439         McAFEE & TAFT                              ☑001/003



MATTHEW S. GIBSON, PH.D.
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2348
FAX (405) 228-7348
matt.gibson@mcafeetaft.com

10TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

## FAX MESSAGE

**TO:**   Tom Allen            **FAX NO.:**   918-512-4940

**FROM:** Matt Gibson          **FILE NO.:**  60225.2

**DATE:** October 1, 2010

**MESSAGE:**

THIS MESSAGE AND THE DOCUMENTS ATTACHED MAY CONTAIN PRIVILEGED ATTORNEY/CLIENT COMMUNICATIONS OR ATTORNEY WORK PRODUCT. ONLY THE ABOVE ADDRESSEE IS THE AUTHORIZED RECIPIENT OF THIS MESSAGE OR THE ATTACHMENTS. PLEASE SEE THAT NO OTHER PERSON OBTAINS ACCESS TO THIS CONFIDENTIAL MATERIAL. ANY OTHER DISTRIBUTION OF THIS MATERIAL IS UNAUTHORIZED.

IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE DESTROY ALL COPIES AND NOTIFY US AS SOON AS POSSIBLE AT (405) 235-9621, EXT. 3348.

Number of pages including cover sheet: 3    Operator: ___

If a problem should occur during transmission,
please call (405) 235-9621, Ext. 3348.