## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLEN, ALLEN & ASSOCIATES, L.L.C., and ALLEN, ALLEN & ASSOCIATES MANUFACTURING, L.L.C.,<br><br>   Plaintiff,<br><br>v.<br><br>SERVA CORPORATION,<br><br>   Defendant. | Case No. 10 CV-707-GKF-TLW |

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Allen, Allen & Associates LLC ("Allen Associates") and Allen, Allen & Associates Manufacturing, L.L.C. ("Allen Manufacturing"), by and through their attorneys, file this Complaint for Declaratory Judgment against the Defendant, Serva Corporation ("Serva"). In support of its Complaint, Plaintiffs allege and state as follows:

### PARTIES & JURISDICTION

1. Allen Associates is a limited liability company organized under the laws of the State of Oklahoma, having its principal place of business in Tulsa, Oklahoma.

2. Allen Manufacturing is a limited liability company organized under the laws of the State of Oklahoma, having its principal place of business in Tulsa, Oklahoma.

3. Upon information and belief, Serva is a company organized under the laws of the State of Texas, having established a place of business at 14301 Caliber Drive, Suite 300, Oklahoma City, Oklahoma.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as this action arises under the Constitution, laws, or treaties of the United States, raising the federal question of the infringement of a patent.

5. These claims arise under the Declaratory Judgment Act, 28 U.S.C. § § 2201 and 2201, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

6. This Court is the proper venue for this declaratory judgment action because a substantial part of the events giving rise to the claim occurred in Tulsa, Oklahoma.

**FACTUAL BACKGROUND**

7. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 6 of this Complaint.

8. Allen Associates is an engineering company in the oil and gas industry, with a focus in engineering and training. Allen Manufacturing is a manufacturing company which manufactures and sells powder mixing equipment.

9. In or around June 2004, Allen Associates and Tom Allen obtained U.S. Patent No. 6,749,330 (the "'330 patent") for cement mixing equipment used in cementing oil wells.

10. In or around November, 2005, Allen Associates and Tom Allen obtained Canadian Patent No. 2,382,709.

11. In or around November 2007, Allen Associates and Tom Allen sold the '330 patent and Canadian Patent No. 2,382,709 to Serva.

12. Subsequently, Tom Allen, the president of Allen Associates, developed new powder mixing technology (the "Allen Mixer"). Formerly, Allen Associates manufactured and sold the Allen Mixer. Currently, Allen Manufacturing manufactures and sells the Allen Mixer. To date, Allen Associates or Allen Manufacturing have sold approximately eighteen Allen Mixers.

13. On or about October 1, 2010, Mr. Allen received a letter from Serva's attorney asserting, *inter alia*, that the Allen Mixer is covered by the '330 patent and Canadian Patent No.

2,382,708 and that the manufacture and sale of the Allen Mixer constitutes patent infringement ("Serva Letter") (a copy attached hereto as Exhibit "A").  Additionally, the Serva Letter asserts that Serva will initiate legal action against Allen Associates if it does not immediately provide an accounting of all sales of the Allen Mixer, cease manufacturing and selling of all Allen Mixers and provide an accounting of existing and ordered inventor of Allen Mixers.

14. After a review of Serva's allegations and demands, Allen Associates and Allen Manufacturing denied Serva's allegations and refused Serva's demands.

### FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

15. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 14 of this Complaint.

16. Plaintiffs bring this claim for declaratory judgment under 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 57.  A dispute has arisen between Plaintiffs and Serva over whether Plaintiffs have or continue to infringe patents owned by Serva.  Such dispute constitutes a justiciable controversy between the parties.

17. The Allen Mixer does not infringe the '330 patent.

18. For the reasons stated above, Plaintiffs request the Court to enter judgment declaring that the sale, offer to sell, manufacture, and use of the Allen Mixer does not infringe any valid and enforceable claim of the '330 patent.

19. Serva has demonstrated its intent to sue Plaintiffs for infringement of the '330 patent.

20. To avoid legal uncertainty and to protect their substantial investment in their respective technologies and businesses, Plaintiffs bring this claim for declaratory judgment

against the '330 patent.  An actual justiciable controversy exists between the parties as to the infringement of the '330 patent.

Wherefore, Allen Associates and Allen Manufacturing respectfully request that this Court enter a Judgment and Order in its favor against Serva declaring that no valid and enforceable claim of U.S. Patent No. 6,749,330 has been infringed, declaring that this case is an exceptional case under 35 U.S.C. § 285 and awarding Plaitiffs their attorneys fees, and for such additional relief as the Court may deem just, proper and equitable.

Respectfully submitted,

Gerald L. Jackson, OBA #17185
Margaret S. Millikin, OBA #13836
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9800
(918) 592-9801 (Facsimile)
gerald.jackson@crowedunlevy.com
margaret.millikin@crowedunlevy.com