IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ALLEN, ALLEN & ASSOCIATES, L.L.C., )
and ALLEN, ALLEN & ASSOCIATES )
MANUFACTURING, L.L.C. )
                                  Plaintiffs, )
v. )   Case No. 10 CV-707-GKF-TLW
SERVA CORPORATION, )
                                  Defendant. )

## DEFENDANT'S SERVA CORPORATION'S ANSWER

For its Answer to Plaintiff's First Amended Complaint, the Defendant Serva Corporation ("Serva") alleges and states as follows:

1. Serva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint.

2. Serva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint.

3. Serva admits it is a Texas corporation and maintains a place of business at 14301 Caliber Drive, Suite 220, Oklahoma City, Oklahoma 73134.

4. Admitted.

5. Admitted.

6. Serva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Amended Complaint.

7. Serva incorporates by reference, as if fully set forth herein, its answers to paragraphs 1-6.

8. Serva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the First Amended Complaint.

9. Serva admits that Tom Allen is the named inventor on U.S. Patent No. 6,749,330 (the "'330 patent"). However, Serva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the First Amended Complaint.

10. Serva admits that Tom Allen is the named inventor on Canadian Patent No. 2,382,709. However, Serva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the First Amended Complaint.

11. Admitted.

12. Serva admits that either or both Allen Associates and Allen Manufacturing has previously manufactured and sold, and continues to manufacture and sell powder mixers. Serva denies that the product, the Allen Mixer, and its elements at issue constitute new powder mixing technology. Serva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the First Amended Complaint.

13. Serva admits that its counsel sent correspondence to Tom Allen on October 1, 2010 alleging infringement of '330 patent and Canadian Patent No. 2,382,708. The correspondence referenced in paragraph 13 of the First Amended Complaint speaks for itself. Any remaining factual assertions contained in paragraph 13 of the First Amended Complaint are denied.

14. Serva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended Complaint, but alleges the infringing products continue to be offered for sale.

15. Serva incorporates by reference, as if fully set forth herein, its answers to paragraphs 1-14.

16. The statements contained in paragraph 16 of the First Amended Complaint are legal conclusions to which no response is required. Serva admits it contends Plaintiffs have manufactured and sold products which infringe the '330 patent.

17. The allegations contained in paragraph 17 of the First Amended Complaint are denied.

18. The statements contained in paragraph 18 of the First Amended Complaint are Plaintiffs' requests of the Court to which no response is required. However, to the extent that paragraph 18 contains a factual allegation, Serva specifically denies that the manufacture, an offer to sell, sale, and/or use of the Allen Mixer does not infringe the '330 patent and denies Plaintiffs are entitled to the relief requested.

19. The allegations contained in paragraph 19 of the First Amended Complaint are admitted to the extent Serva has stated an intent to pursue legal action for infringement of the '330 patent.

20. The statements contained in paragraph 20 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 20 contains factual allegations, they are denied.

Serva denies each and every allegation contained in the First Amended Complaint that has not been specifically admitted herein.

### Request For Relief

WHEREFORE PREMISES CONSIDERED, Defendant requests that the request for declaratory judgment be denied, that Defendant have a judgment of infringement as requested in

the Counterclaim and Third Party Action filed herein and such other and further relief to which is may be justly entitled including its attorneys fees.

DATED this 21st day of March, 2011.

> s/ John A. Kenney
> John A. Kenney, OBA #4976
> McAfee & Taft A Professional Corporation
> Tenth Floor, Two Leadership Square
> 211 N. Robinson Avenue
> Oklahoma City, OK  73102-7103
> 405/235-9621
> 405/235-0439 (Fax)
> Email:  john.kenney@mcafeetaft.com
>
> **ATTORNEYS FOR DEFENDANT SERVA CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Gerald L. Jackson
Margaret S. Millikin
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, Oklahoma 74103-3313

> s/ John A. Kenney

6682986_1.DOC