IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLEN, ALLEN & ASSOCIATES, L.L.C., and ALLEN, ALLEN & ASSOCIATES MANUFACTURING, L.L.C. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SERVA CORPORATION, | ) ) |
| Defendant, | ) ) |
| and | ) ) Case No. 10 CV-707-GKF-TLW |
| SERVA CORPORATION and SERVA GROUP, LLC | ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| ALLEN, ALLEN & ASSOCIATES, L.L.C., and ALLEN, ALLEN & ASSOCIATES MANUFACTURING, L.L.C. | ) ) ) ) |
| Counterclaim Defendants, | ) |

**DEFENDANT SERVA CORPORATION AND THIRD PARTY PLAINTIFF
<u>SERVA GROUP LLC'S COUNTERCLAIM</u>**

Serva Corporation and Serva Group, LLC (collectively referred to as "Counterclaim Plaintiffs") for their counterclaim and claim against Allen, Allen & Associates, LLC ("Allen Associates") and Allen, Allen & Associates Manufacturing, LLC ("Allen Manufacturing") (collectively referred to as "Counterclaim Defendants"), allege and state as follows:

1. Counterclaim Plaintiffs' counterclaims arise under the United States patent laws, 35 U.S.C. § 1 *et . seq*.

2. The Court has subject matter jurisdiction over Counterclaim Plaintiffs' counterclaims based on 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper in this judicial district as a counterclaim to the filed First Amended Complaint based on 28 U.S.C. §§ 1391 and 1400.

4. Serva is a Texas corporation with its corporate headquarters located at 14301 Caliber Drive, Suite 220, Oklahoma City, Oklahoma.

5. Serva Group, LLC is a Delaware limited liability company with its corporate headquarters located at 14301 Caliber Drive, Suite 220, Oklahoma City, Oklahoma.

6. Upon information and belief, Allen Associates is an Oklahoma limited liability company with its principle place of business in Tulsa, Oklahoma.

7. Upon information and belief, Allen Manufacturing is an Oklahoma limited liability company with its principle place of business in Tulsa, Oklahoma.

8. Upon information and belief, Thomas E. Allen ("Tom Allen") is president, manager, and/or principal of Allen Associates and Allen Manufacturing.

9. Tom Allen is listed as the sole inventor of U.S. Patent No. 6,749,330 (the "'330 patent") and possessed an ownership interest in the '330 patent prior to November 2, 2007. The '330 patent was filed on November 1, 2001 and issued on June 15, 2004. The '330 patent includes claims directed to a powder mixer. A copy of the '330 patent is attached hereto as Exhibit "A".

10. On November 2, 2007, Allen, personally and on behalf of Allen Associates, sold and assigned all right, title and interest in the '330 patent and other various intellectual property assets to Serva for a substantial sum of money. Serva has retained ownership of the '330 patent since November 2, 2007.

11. Beginning in January 2008, Serva granted rights to Serva Group, LLC permitting the manufacture and sell of products covered by the '330 patent. Since at least as early as January 2008, Serva Group, LLC has been actively manufacturing and selling powder mixers covered by the '330 patent.

12. On January 29, 2008, Tom Allen filed U.S. Patent Application No. 12/021,415 (the "'415 application) (attached hereto as Exhibit "B"). The '415 application purports to provide an improvement to the powder mixer described in the '330 patent. The '415 application describes a powder mixer that is covered by claims of the '330 patent.

13. On March 20, 2008, Tom Allen filed U.S. Patent application no. 12/052, 194 (the "'194 application") (attached hereto as Exhibit "C"). The '194 application claims priority to the '415 application as a continuation-in-part. The '194 application describes a powder mixer that is covered by claims of the '330 patent.

14. Counterclaim Defendants began manufacturing and selling powder mixers (the "Allen Mixer") following the assignment and sale of the '330 patent to Serva. The Allen Mixer is currently included in a product catalog available on Counterclaim Defendants' website. Based on their assertions, Counterclaim Defendants have sold approximately eighteen Allen Mixers as of November 2, 2010.

15. Counterclaim Defendants' manufacture, offer for sale and sale of the Allen Mixer has been and continues to be without permission from Serva and is in direct competition with Serva Group, LLC.

16. By a letter dated October 1, 2010, Serva demanded that Counterclaim Defendants cease and desist manufacturing and selling the Allen Mixer or any like device that infringes the '330 patent.

17. Upon information and belief, Counterclaim Defendants have not ceased or desisted further infringement of the '330 patent.

18. The Allen Mixer includes each and every element of at least claims 11-14 of the '330 patent and operation of the Allen Mixer requires performance of each and every step of at least claims 17-19 of the '330 patent.

19. Counterclaim Defendants, have been and are currently directly infringing, inducing infringement of, and/or contributing to the infringement of at least claims 11-14 and 17-19 of the '330 patent pursuant to 35 U.S.C. § 271.

20. Based on Tom Allen's intimate knowledge of the '330 patent coupled with his active role as president, manager, and/or principal of Allen Associates and Allen Manufacturing, and in further view of Serva's letter to Counterclaim Defendants dated October 1, 2010, Counterclaim Defendants' infringement of the '330 patent has been and continues to be willful and deliberate.

21. As a direct and proximate consequence of the acts and practices of Counterclaim Defendants, Counterclaim Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be irreparably injured in their business and property rights, and have suffered, are suffering, and will continue to suffer injury and damages for which they are entitled relief.

4

**Request For Relief**

WHEREFORE, Counterclaim Plaintiffs request that judgment be entered in their favor as to all causes of action asserted against Counterclaim Defendants and granting Counterclaim Plaintiffs the following relief:

1. Declaring that Counterclaim Defendants have infringed, induced the infringement of, and/or contributed to the infringement of, the '330 patent;

2. Declaring that Counterclaim Defendants have willfully infringed the '330 patent;

3. An order enjoining Counterclaim Defendants from infringing the '330 patent;

4. Awarding Counterclaim Plaintiffs all of its damages caused by Counterclaim Defendants;

5. Awarding Counterclaim Plaintiffs damages in accordance with 35 U.S.C. § 284;

6. Awarding Counterclaim Plaintiffs treble damages in accordance with 35 U.S.C. § 284;

7. Declaring this is an exceptional case under 35 U.S.C. § 285 and awarding Counterclaim Plaintiffs' Attorney's fees; and

8. Awarding Serva such other and further relief as the Court deems just and proper.

DATED this 21st day of March, 2011.

        *s/ John A. Kenney*
John A. Kenney, OBA #4976
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK  73102-7103
405/235-9621
405/235-0439 (Fax)
Email:  john.kenney@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT/COUNTERCLAIM PLAINTIFF SERVA CORPORATION AND COUNTERCLAIM PLAINTIFF SERVA GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Gerald L. Jackson
Margaret S. Millikin
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, Oklahoma 74103-3313

        *s/ John A. Kenney*